OPINION
In October 1996, plaintiff-appellant, Michael J. Gerber, took his 1981 Alfa Romeo to defendant-appellee, Jim's Goodyear, an automobile service center, to "have [a] water pump installed." Gerber purchased the new water pump himself and delivered it to the repair shop. According to Gerber, about two months/one hundred miles later, the automobile's timing belt broke, doing an "enormous amount of damage to the engine." Gerber filed a complaint in the small claims division of Hamilton Municipal Court alleging negligent car repair, breach of contract, and breach of implied and express warranties. A hearing was held before a municipal court magistrate who found that Jim's Goodyear had not breached "any duty owed by failing to properly repair [Gerber's] vehicle." The magistrate also found that Jim's Goodyear did not make any express warranties as to the repair. Gerber filed objections to the magistrate's report. The trial court upheld the magistrate's decision. Gerber filed this appeal.
In a single assignment of error, Gerber contends that the trial court erred in ruling in favor of Jim's Goodyear. Specifically, Gerber asserts that by failing to change the timing belt in the Alfa Romeo when it replaced the water pump, Jim's Goodyear was negligent in that it breached its duty to perform in a "workmanlike manner" and caused damage to the car's engine.
To establish a claim for negligence, a plaintiff must show that a defendant breached a duty owed to the plaintiff, and that the breached duty proximately resulted in injury to the plaintiff. Mussivand v. David (1989), 45 Ohio St.3d 314, 318. The Ohio Supreme Court has held that an automobile repairman is liable for damages proximately resulting from the negligent or unskillful manner in which he makes repairs or performs services. State Farm Fire Casualty Co. v. Chrysler Corp.(1988), 37 Ohio St.3d 1; Landon v. Lee Motors (1954), 161 Ohio St. 82. However, a repairman is not liable for failing to discover a latent defect, unless the evidence shows that he undertook to discover such defect and negligently failed to do so. Id. See, also, Risk v. Woeste Eastside Motors, Inc. d/b/a Honda East (May 27, 1997), Clermont App. No. CA96-10-088, unreported.
In this case, Gerber presents scant evidence that Jim's Goodyear had a duty to replace the timing belt. This evidence consists solely of testimony from a party who was identified in the transcript as "voice." This court will presume that the individual testifying was Skip Jones whom Gerber introduced to the trial court at the beginning of the hearing as his "expert." This court also observes that Gerber introduced no evidence that would qualify Jones as an expert. The testimony was the following:
 VOICE: It is my professional opinion that anytime you put a water pump on a car, the timing belt. [sic] You should inspect the timing belt and quite honestly it should probably be replaced because the timing belt is actually very inexpensive thing comparison [sic] to the rest of the job.
Gerber himself testifed that when he took the car to Jim's Goodyear, he "just asked for the water pump to be put on." Moreover, the record shows that Gerber brought a water pump, but not a timing belt, to the repair shop for installation. There is no evidence in the record that the water pump was installed in an unskilled manner, nor does the record show that Jim's Goodyear attempted to discover a defect in the timing belt and failed to do so. Accordingly, we conclude that Jim's Goodyear did not breach a duty to replace the timing belt in Gerber's car when Gerber brought the car in requesting that the water pump be replaced. The assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.